**BEAUCHAMP & BROWN GROVES CO.,**
Petitioner,

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 20423.

United States Court of Appeals
Ninth Circuit.

Jan. 19, 1967.

F. Edward Little, Los Angeles, Cal., for appellant.

Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, David O. Walter, Edward Lee Rogers, Attys., Tax Div., Dept. of Justice, Washington, D.C., for appellee.

Before BARNES and ELY, Circuit Judges, and PECKHAM, District Judge.

BARNES, Circuit Judge:

This is a taxpayer's petition to review a decision of the Tax Court of the United States. (44 T.C. 117.) The Tax Court had jurisdiction under 26 U.S.C. § 7442. Our jurisdiction rests on 26 U.S.C. § 7482.

Petitioner is a dissolved corporation which formerly operated an orange grove. For its fiscal years 1958 and 1959 it had taxable income and paid the proper amounts of tax thereon.

During its fiscal year 1960 the petitioner adopted a plan of dissolution and sold its orange grove at a substantial gain. Under the provisions of section 337 [1] the gain was properly not recognized as income to the petitioner. Prior to the sale of the grove, however, the petitioner expended certain sums of money to grow oranges in the grove, the unharvested crop being sold with the land.

In its income tax return for the fiscal year 1960, the petitioner deducted the amounts expended on the crop as ordinary and necessary business expenses. This gave rise to an operating loss which the petitioner carried back to 1959 and 1958, obtaining refunds of part of the taxes paid for those years.

Thereafter the Commissioner disallowed the deductions for 1960 and notified the petitioner of the deficiencies for 1959 and 1958 due to the refunds caused by the erroneous carryback claim. The petitioner sought redetermination by the Tax Court. The Tax Court upheld the Commissioner, and the petitioner has sought review here.

The sole basis for the Commissioner's claim of deficiencies is in the deductibility of the expenses in developing the unharvested crop prior to the sale of the grove. The parties have stipulated that these expenses were the normal expenses of its business. The Commissioner's reason for disallowing the deduction was section 268.

Section 268 provides:

"Where an unharvested crop sold by the taxpayer is considered under the provisions of section 1231 as 'property used in the trade or business', in computing taxable income no deduction (whether or not for the taxable year of the sale and whether for expenses, depreciation, or otherwise) attributable to the production of such crop shall be allowed."

Petitioner contends that section 268 is not applicable because its unharvested crop was not "property used in the trade or business" under section 1231. The Commissioner contends that it was such property.

In general, section 1231 provides for capital gain-ordinary loss treatment on sales or exchanges of property used in a trade or business. We note particularly subsection (b), paragraph (4) of section 1231:

"(b) Definition of property used in the trade or business.—For purposes of this section—

\* \* \* \* \* \*

(4) Unharvested crop.—In the case of an unharvested crop on land used in the trade or business and held for more than 6 months, if the crop and the land are sold or exchanged (or compulsorily or involuntarily converted) at the same time and to the same person, the crop shall be considered as 'property used in the trade or business.' "

Since the petitioner's crop and land were sold at the same time and to the same person, the petitioner would come within this provision. This being so, it would appear that the Commissioner's application of section 268 was correct.

To prevent this conclusion, the petitioner has woven a web of words, not reason. The petitioner tells us that no gain was recognized on the sale of the

---

1. All references to sections are to the Internal Revenue Code of 1954, unless otherwise indicated.

grove under section 337. It was so stipulated. Our attention is then directed to the functional paragraphs of section 1231 were only *recognized* gains are dealt with. The petitioner argues that the plain meaning of the provisions is that section 268 does not apply where, as here, no gain is recognized on the sale. We do not agree.

■ Subsection (a) of section 1231 deals with gains and losses; subsection (b) provides definitions of "property used in the trade or business". Specifically among the definitions of subsection (b) is that of an unharvested crop as set out above. Section 268 directs us to section 1231 to find out which unharvested crops are "property used in the trade or business". No reference to the gain or loss provisions of section 1231 is indicated. Put more simply, the reference of section 268 to section 1231 is to subsection (b) rather than to the entire section.

The legislative history of section 323 of the Revenue Act of 1951, ch. 521, 65 Stat. 452, which enacted the predecessors of sections 268 and 1231(b) (4), removes any doubt as to the interpretation of the reference in section 268.

"Your committee believes that sales of land together with growing crops or fruit are not such transactions as occur in the ordinary course of business and should thus result in capital gains rather than in ordinary income. Section 323 of the bill so provides.

" * * * Therefore, your committee's bill provides that no deduction shall be allowed which is attributable to the production of such crops or fruit, but that the deductions so disallowed shall be included in the basis of the property for the purpose of computing the capital gain." S.Rep. No. 781, Part 2, 82d Cong., 1st Sess., pp. 42–43, 1951–2 Cum.Bull. 545, 574, U.S.Code Cong. & Admin.News 1951, p. 2018.

Petitioner's reliance on our decision in Commissioner v. South Lake Farms, Inc., 324 F.2d 837 (9th Cir. 1963), is unwarranted. That case dealt with whether the fair market value of the unharvested crops was income to the corporation before transfer of the land and crops to a successor. No such argument has been raised here. In *South Lake Farms* the land and crops were transferred to a parent corporation during liquidation. Section 268 could not have been involved in *South Lake Farms* since section 268 applies only where the unharvested crop is sold. In the *South Lake Farms* case, majority opinion, §§ 268 and 1231(b) (4) are mentioned only to differentiate "the proceeds of the disposition of lands having growing crops upon them in another context, namely, a sale * * *. [T]here was no sale of the unharvested crop in this case." Idem., p. 840. And see Watson v. Commissioner, 345 U.S. 544, 73 S.Ct. 848, 97 L.Ed. 1232 (1953).

The decision of the Tax Court is affirmed.